**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

           **HONORABLE ROBERT H. CLELAND**

        **Plaintiff,**

   **v.**                             **Cr. No. 13-20402**

**SEAN PAUL GOSSMAN,**

        **Defendant.**
_____/

**DEFENDANT'S MOTION FOR VARIANCE**

The defendant, **SEAN PAUL GOSSMAN**, through his counsel, Rafael C. Villarruel of the Federal Public Defender Office, hereby moves the Court to vary from the advisory guideline range, pursuant to 18 U.S.C. § 3553(a).

**I.**     **Introduction**

18 U.S.C. § 3553(a) instructs the Court to consider, among other things, the nature and circumstances of the offense, and the history and characteristics of the defendant, and to impose a sentence that is sufficient, but not greater than necessary to suit the needs of sentencing as set forth in the statute.  The offense level in this case is 30, and the Criminal History Category is II.  The Guideline range of imprisonment after the plea agreement is 108-135 months, with a statutory mandatory minimum of 60 months as a result of Defendant's guilty plea to Count One.  For the reasons set

forth below, it is requested that the Court vary downward to a sentence more befitting the circumstances of this case.

## II.     Circumstances of the Offense

The circumstances of this offense indicate that a variance is warranted. Sean Gossman was born male, but since the age of seventeen has lived his life as a female. Individuals who self-identify with a gender different from that of the gender assigned at birth are commonly referred to (and will be for the purposes of this motion) as transgender. Sean Gossman early on in his development knew he was different from other male children. He liked to wear his sister's clothes and identified with the female gender. However, due to the abuse he suffered in his very early development years at the hands of his biological parents, his gender identification behavior was attributed to other factors in his life. Certainly, Sean had a traumatic beginning in life. He was physically and emotionally abused by his biological parents , who were both drug addicts. One reported incident describes how he was physically beaten in the head by his biological father resulting in bleeding from his ears. His adoption by his new parents probably saved his life and those of his natural siblings. However, one can not help but conclude, based on the medical and mental health records as well as interviews with family members that the die was already cast as to Sean's emotional and physical scars.   See PSR ¶42, 45and 46.  At the young age of 13, Sean found

himself confused, alone and vulnerable to victimization, as he was placed at the Children's Home of Detroit. In 2005 he was returned home to his adoptive parents and continued to struggle in school and at home. Records reveal that he was a below average student that was placed in several special education courses and was diagnosed with a speech/language impairment and learning disability. See PSR ¶60. Sean Gossman has had several mental health diagnosis from a very early age that help explain his conduct in the instant offense. See PSR ¶54 - 56. Counsel for Defendant believes that Gossman's curiosity with adult pornography is related to his uncertainty about his own sexuality and gender and further led him to view child pornography (as he is very immature and child like in many ways). While his viewing of adult pornography dates back to 2005, it appears that his downloading of child porn was a one-time event. Certainly there is no evidence that Sean Gossman is a child predator or engaged in activity that directly involved the distribution or manufacturing of child pornography. This is information the Court should be aware of in understanding Defendant's motivations for committing this offense and in determining an appropriate sentence, and vary downward from the applicable guideline.

### III.  History and Characteristics of Sean Gossman

The history and characteristics of Sean Gossman warrant a downward variance as well. As previously stated, Sean Gossman is not a pedophile and has not taken any

action to engage young children in sexual activity. Sean Gossman is someone who has been clearly diagnosed with a mental illness and requires treatment to function in a "normal" way. Sean Gossman identifies as female, and plans to eventually complete the gender transition to female through sex reassignment surgery. Sean is in what some would refer to as the very beginning of the pre-operative period, where he was been undergoing testosterone blocker medication prior to his incarceration on the instant case. See PSR ¶52. Because Sean has only taken preliminary steps toward gender transition, but has not completed the process the Federal Bureau of Prisons (BOP) has advised me that Sean Gossman will be in general population while in BOP custody, and it is highly unlikely that he would be assigned to a female facility, particularly because he has not undergone sex reassignment surgery. I was further advised that Sean Gossman would be assessed upon entering BOP custody, but that housing decisions are made on a case by case basis. While detained locally, Sean Gossman has been placed in the medical ward or isolated in a cell by himself. The isolation at these county jails has been difficult, but they were for his own protection. The idea of possibly being placed in a male facility is somewhat frightening for Sean Gossman as he has been taunted and made to feel like a freak by other inmates. Although counsel will request that the judge give a recommendation that Mr. Gossman be housed at a medical facility, the Court is aware that such

recommendations, if given, are not binding on BOP, which means Mr. Gossman could spend his period of incarceration exposed to potential danger and victimization.

Lastly, Mr. Gossman has a very limited criminal history, with only one prior conviction for receiving and concealing stolen property less than $200.00, involving the theft of metal fencing from the rear of a residence. He should have been off probation at the time of the instant offense but was continued on probation for failure to pay fines and costs in excess of one thousand dollars. His criminal history is overstated and can also be the basis of a downward variance.

For these reasons, and the reasons mentioned in the presentence report (See PSR ¶ 82-95), Sean Gossman respectfully requests that the Court vary and depart downward to a period of sixty months, to be followed by sixty months of supervised release.

                                        Respectfully submitted,

                                        **LEGAL AID & DEFENDER ASSN., INC.**
                                        **FEDERAL DEFENDER OFFICE**

                                        s/ Rafael C. Villarruel
                                        Attorney for Defendant
                                        613 Abbott, 5TH Floor
                                        Detroit, Michigan 48226
                                        Phone: (313) 967-5849
                                        E-mail: rafael_villarruel@fd.org
                                        P 35830

Date: February 11, 2014

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA

      HONORABLE ROBERT H. CLELAND

    Plaintiff,

 v.                              Cr. No. 13-20402

SEAN PAUL GOSSMAN,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

        Matt Roth
        Assistant U.S. Attorney
        211 W. Fort Street, Suite 2001
        Detroit, Michigan   48226

and        Thaddeus Dean
        United States Probation Officer,
        231 W. Lafayette, Ste. 901
        Detroit, Michigan 48226

**LEGAL AID & DEFENDER ASSN., INC.**
**FEDERAL DEFENDER OFFICE**

s/ Rafael C. Villarruel
Attorney for Defendant
613 Abbott, 5TH Floor
Detroit, Michigan  48226
Phone: (313) 967-5849
E-mail: rafael_villarruel@fd.org
P 35830