UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

             Criminal No. 13-cr-20402

   Plaintiff,

             Honorable Robert H. Cleland

vs.

D-1 SEAN GOSSMAN,

   Defendant.
_____/

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

  The United States of America, by and through its attorneys, BARBARA L. McQUADE, United States Attorney for the Eastern District of Michigan, and ADRIANA DYDELL, Assistant United States Attorney, together with Defendant SEAN GOSSMAN ("Defendant"), individually and by and through his attorney, RAFAEL VILLARRUEL, ESQ., hereby submit this Stipulated Preliminary Order of Forfeiture:

  1. WHEREAS, an Indictment was filed on or around May 28, 2013, which charged Defendant with two counts: Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  (Docket #7).

  2. WHEREAS, the Indictment also sought criminal forfeiture pursuant to 18 U.S.C. § 2253 of, among other things, any property used or intended to be used

to commit or to promote the commission of the charged offenses or any property traceable to such property.  (Docket #7).

3.      WHEREAS, on or about October 28, 2013, Defendant pleaded guilty to Counts One and Two of the Indictment.  (Docket #16).  As part of the Rule 11 Plea Agreement, Defendant agreed to forfeit his interest in any property that was involved in the commission of Counts One and Two pursuant to 18 U.S.C. § 2253(a).  Specifically, Defendant agreed to forfeit the following property:

   a. One (1) red Belkin travel USB hub, F4U006;

   b. One (1) purple and white Kingston USB thumb drive, one (1) blue USB thumb drive and one (1) USB thumb drive wrapped in black tape;

   c. One (1) Acer Aspire One computer laptop with power cord, model number Q1VZC / AO756-2840 and serial number NUSH3AA00730605B4D3400;

   d. One (1) Acer Aspire One computer laptop with power cord, model number Q1VZC / AO756-2840 and serial number NUSH3AA00730205CE43400;

   e. Seven (7) assorted CD-R/DVD-R: two (2) CD-Rs in blue case, one (1) CD-R in yellow case, one (1) red HP DVD-R, one (1) CD-R with words "T.O.R Bundle USB", one (1) DVD-R with words "USB disc

  Movies, Pix, Apps", and one (1) CD-R with words "Movies, Pix, Apps";

 f. One (1) pink Sanyo Boostmobile mobile phone, model number SCP2700, FCC ID: V65SCP-27H, DEC: 268435457807869239, HEX: A0000012781337 OX;

 g. One (1) silver and black LG Alltel mobile flip phone, model number PIABAX275, serial number 807CYUK0198870;

 h. One (1) gray LG mobile flip phone, model number NTLG1500B, serial number 707CQJZ246556;

 i. One (1) black Motorola Nextel i710 mobile flip phone, model number H63XAN6RR4AN, serial number 364VGCB201;

 j. One (1) black PNY 16GB USB thumb drive.

(Hereafter the items listed above in 3.a. through 3.j. shall be referred to as the "Subject Property"). Defendant specifically acknowledges that the Subject Property was involved in or is traceable to his criminal violations of 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B).

 4. WHEREAS, in the Rule 11 Agreement, Defendant expressly waived his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

5.     WHEREAS, in the Rule 11 Agreement, Defendant knowingly, voluntarily, and intelligently waived any challenge to forfeiture of the Subject Property based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and expressly waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of forfeiture in the judgment.

6.     WHEREAS, in the Rule 11 Agreement, Defendant also acknowledged that he understood that forfeiture of the Subject Property is part of the sentence that may be imposed on him in this case and waived his right to challenge any failure by the Court to advise him of this at the time that his guilty plea was accepted pursuant to Federal Rules of Criminal Procedure 11(b)(1)(J).

7.     NOW THEREFORE, based upon the Indictment, the Rule 11 Agreement, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 2253(a)(3), Defendant hereby agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture, and that the Subject Property, and any and all interest Defendant has in the Subject Property, IS HEREBY FORFEITED to the United States for disposition according to law.  Further, Defendant agrees that any right, title or interest of Defendant, and any right, title or interest that his

heirs, successors or assigns have, or may have, in the Subject Property is HEREBY AND FOREVER EXTINGUISHED.

8. Upon entry of this Stipulated Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

9. Upon entry of this Stipulated Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States shall publish on www.forfeiture.gov, notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. The aforementioned notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature

and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

10. Further, after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at the time of his sentencing. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

12. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

13. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

| | |
|---|---|
| s/ADRIANA DYDELL | s/RAFAEL VILLARUEL |
| ADRIANA DYDELL | RAFAEL VILLARRUEL, ESQ. |
| Assistant United States Attorney | Attorney for Sean Gossman |
| 211 W. Fort Street, Suite 2001 | 613 Abbott, 5th Floor |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9125 | (313) 967-5849 |
| adriana.dydell@usdoj.gov | rafael_villarruel@fd.org |
| California Bar #239516 | |
| Dated: April 28, 2014 | Dated: April 21, 2014 |

s/Sean Gossman w/c (attached)
Sean Gossman, Defendant

Dated: April 21, 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: April 29, 2014

 S/Robert H. Cleland
HONORABLE ROBERT H. CLELAND
United States District Judge

13. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

/s/ Adriana Dydell
ADRIANA DYDELL
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9125
adriana.dydell@usdoj.gov
California Bar #239516

Dated: ~~February~~ April 28, 2014

/s/ Rafael C. Villarruel
RAFAEL VILLARRUEL, ESQ.
Attorney for Sean Gossman
613 Abbott, 5th Floor
Detroit, MI 48226
(313) 967-5849
rafael_villarruel@fd.org

Dated: ~~February~~ April 21, 2014

/s/ Sean Gossman (w/c per)
Sean Gossman, Defendant

Dated: ~~February~~ April 21, 2014