UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SEAN PAUL GOSSMAN,

    Defendant.
    _____/

CASE NO. 13-20402

HON. ROBERT H. CLELAND

**ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION
OF DEFENDANT TO DETERMINE COMPETENCY**

In an email dated January 20, 2021, Chief Psychologist Dr. Tobias, at FCI Milan, where the defendant is currently housed, sent an e-mail to the Probation Department. In the email, Dr. Tobias indicated that the defendant "presented with considerable instability" which included "erratic behavior" and the defendant becoming "physically combative or violent with staff." Additionally, the defendant would not cooperate with Health Services and, at times, "refus[ed] to speak to staff or respond to verbal instructions, remaining covered under her blanket for days on end with limited to no interaction with others . . . ." Dr. Tobias concluded by recommending that the defendant participate in a competency evaluation through the Bureau of Prisons.

Based on the information from Dr. Tobias, information provided by defense counsel and the Probation Department, and the Court's prior interactions with the

defendant, the Court and the parties agreed that the defendant may presently be suffering from a mental disease or defect rendering the defendant mentally incompetent to stand trial. Accordingly, pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, it is hereby ordered:

(1) That a psychiatrist or psychologist employed by the United States be appointed, authorized, and directed to examine the mental condition of defendant, *see id.* §§ 4241(a),(b), 4247(b);

(2) That defendant be committed to the custody of the Attorney General for such psychiatric or psychological examination for a period not to exceed 30 days, *see id.* § 4247(b);

(3) That the U.S. Marshals Service transport defendant to and from the facility;

(4) That the examining psychiatrist or psychologist prepare, as soon as practical, a written report that includes (1) the defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, *see* 18 U.S.C. §§ 4241(b), 4247(c);

(5) That the examiner shall promptly file the written report with this Court and provide copies of the report to defense counsel and the attorney for the government, *see id.* § 4247(c). The report may be used by any party for purposes of a competency hearing, detention hearing, or any other purpose the Court may order; and

(6) That the period beginning with the defendant's motion and ending with the conclusion of the competency hearing, *see id.* §§ 4241(c), 4247(d), which will take place at a date and time set by the Court after the Court and parties receive the examiner's written report, be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F), and that the period beginning the day after the conclusion

of the competency hearing and ending with the Court's ruling on defendant's mental competency or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H).

The Bureau of Prisons and the United States Marshals Service is further **ORDERED** to inform the Assistant United States Attorney once the defendant has been designated to a suitable facility for the psychiatric or psychological examination, at which time the Court will enter a separate order to transport the defendant to that facility.

**IT IS SO ORDERED.**

s/Robert H. Cleland
HON. ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Entered:  February 19, 2021